UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X   Case No.
JOSEPH HECHAVARRIA,

                                          Plaintiff,                                      **COMPLAINT**

                    - against -

SCORCH BAR & GRILL INC., and JAMAAI YOUNG,      PLAINTIFF DEMANDS
*Individually*,                                                          A TRIAL BY JURY

                                         Defendants.
-------------------------------------------------------------------------X

Plaintiff Joseph Hechavarria, by and through his attorneys, Nisar Law Group, P.C., hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to 42 U.S.C. § 1981 ("Section 1981") and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq*. ("NYCHRL"), and seeks damages to redress the injuries he has suffered as a result of being **Harassed and Discriminated against on the basis of his race (Black) as well as suffering unlawful Retaliation.**

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's claim brought under city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

5. At all times relevant, Plaintiff JOSEPH HECHAVARRIA ("Plaintiff") was and is a

resident of the State of New York and Kings County.

6. Plaintiff's race is Black.

7. At all times relevant, Defendant SCORCH BAR & GRILL INC. ("Scorch") was and is a domestic business corporation, duly organized and existing under, and by virtue of, the laws of the State of New York, with its principal place of business located at 3148 Fulton Street, Brooklyn, NY 11208.

8. At all times relevant, Defendant JAMAAI YOUNG ("Young") was and is a person who held the positions of owner and manager of Defendant Scorch and who, at all times relevant, exercised supervisory authority over Plaintiff and had the power to hire, fire, and/or directly affect the terms and conditions of his employment as well as direct his daily work activities.

9. Defendants Scorch and Young shall be referred to herein together as "Defendants."

## MATERIAL FACTS

10. Defendant Scorch is a restaurant and bar located in the Cypress Hills neighborhood of Brooklyn, New York.

11. Plaintiff began working at Defendant Scorch in July 2022 as a prep/ line cook. Most recently, Plaintiff was employed as the kitchen manager.

12. During his employment at Scorch, Plaintiff was an overall good employee who generally received praise for his work performance. In fact, as a result of his efforts, new items which he created were added to the menu which generally received positive feedback from customers.

13. However, on December 23, 2022, Plaintiff was the victim of an unfortunate episode which gives rise to this federal action.

14. Specifically, on December 23, 2022, Plaintiff needed to clean the deep fryer. Because

        Plaintiff was not only tasked with cleaning the deep fryer, but with basically all other tasks and responsibilities in the kitchen including prepping food, washing dishes, etc., he did not have enough time to prep all the food for cooking.

15. During this time while Plaintiff was cleaning, Defendant Young, who was present at Scorch, was taking food orders. Plaintiff notified Defendant Young that in light of hm cleaning the fryer, he wasn't able to do his prep work for the food, however, Defendant Young continued to take food orders.

16. As a result, the food orders became backed up so much to the extent that any new orders would take at least 45-60 minutes to complete. Because of this delay (and the night being very busy in general), customers were complaining about how long it was taking to get their food.

17. During this time, Plaintiff was in communication with Defendant Young as to this issue. Plaintiff also observed Defendant Young becoming increasingly inebriated as he was working the bar that evening and consuming many alcoholic beverages. Nevertheless, sometime between 10:00 and 11:00 PM that evening, Defendant Young came in the kitchen and began yelling at Plaintiff about how long it was taking the food to come out. This escalated into Defendant Young chest-bumping Plaintiff and telling Plaintiff to fight him. Given Defendant Young's level of intoxication and the bizarre (as well as wholly unprofessional) way Defendant Young approached this issue, Plaintiff declined to engage him (much less fight him).

18. Nevertheless, Defendant Young's brother, who was also present at Scorch that evening, intervened and witnessed that the situation had become unstable. Accordingly, he advised Plaintiff to leave for the evening and come back the next day. As such, Plaintiff went downstairs to collect his personal belongings and Defendant Young followed him down

there.

19. However, Defendant Young's aggressive behavior did not stop. While in the basement, Defendant Young referred to Plaintiff as a n***er, a "hood booger," as well as a "slave who has no human rights." Plaintiff was naturally very offended by the names Defendant Young called him.

20. In fact, Plaintiff protested and opposed this name calling and was so shocked that Defendant Young called him a "slave with no human rights," he pulled out his iPhone and began recording, at which point Defendant Young continued to engage him and said to Plaintiff, "Fuck your human rights; you're an incompetent b*tch-ass, slow n***er." Plaintiff left Scorch as instructed.

21. The following day, Defendant Young fired Plaintiff under the purported reason of "budget cuts" (which was told to Plaintiff via text message).

22. However, this reason was clearly pretextual as Defendants were making no such "budget cuts." Further, the termination of employment came the day after Plaintiff protested and opposed Defendant Young engage in a racist rant directed at him in which Plaintiff filmed a portion, a fact known by Defendant Young.

23. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

24. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

25. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails.

26. Defendants' conduct was malicious, willful, outrageous, and conducted with full

knowledge of the law.

27. Plaintiff seeks damages for lost wages, emotional distress, punitive damages, liquidated damages and attorneys' fees.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER 42 U.S.C. § 1981

28. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

29. 42 U.S.C. § 1981 states in relevant part as follows:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

30. Defendants discriminated against Plaintiff on the basis of his race (black) as provided under 42 U.S.C. §1981 and has suffered damages.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER 42 U.S.C. § 1981

31. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

32. By the acts and practices described above, Defendants retaliated against Plaintiff for his opposition to unlawful discrimination under 42 U.S.C. § 1981.

33. Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

34. Defendants discriminated against Plaintiff on the basis of his race (black) as provided under 42 U.S.C. §1981 and has suffered damages.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

35. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

36. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the … race … of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

37. Defendants engaged in unlawful discriminatory practices in violation of the New York City Administrative Code § 8-107(1)(a) by discriminating against Plaintiff because of his race causing him to suffer damages.

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

38. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

39. The New York City Administrative Code § 8-107(7) provides that "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has … opposed any practice forbidden under this chapter."

40. Defendants engaged in unlawful discriminatory practices in violation of the New York City Administrative Code § 8-107(7) by retaliating against Plaintiff because he protested

or opposed discrimination on the basis of his race causing him to suffer damages.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §1981 and the New York City Human Rights Law in that Defendants discriminated against Plaintiff due to his race (black), and retaliated against Plaintiff for opposing Defendants' harassment;

B. Awarding damages to Plaintiff resulting from Defendants' unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and,

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
March 7, 2023

                                               **NISAR LAW GROUP, P.C.**

By: _____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

Ph: (646) 899-1007
Fax: (516) 604-0157
Email: cwolnowski@nisarlaw.com